**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DAVID CRAIG MATHEIS,

    Petitioner,

    v.

BUTLER COUNTY SHERIFF'S
OFFICE,

    Respondent.

Case No. 1:26-CV-422

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") of May 14, 2026. (Doc. 9). Pursuant to 28 U.S.C. § 636(b)(1)(C), proper notice has been afforded to the parties that they could forfeit rights on appeal if they failed to file proper objections to the R&R in a timely manner. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (holding that a failure to file objections generally waives the right to appeal the district court's adoption of an R&R). Tanyqua Oliver-Matheis timely objects on behalf of Petitioner David Craig Matheis, (Doc. 11), but the Court will overrule the objection and adopt the R&R in full for the following reasons.

On May 1, the Magistrate Judge docketed an order directing Petitioner to show cause why this matter should not be dismissed. (Doc. 3). Specifically, "it appears the Petition was prepared, signed, and filed by Tanyqua Oliver-Matheis in the purported

capacity of Petitioner's spouse and attorney in fact. Additionally there are many assertions of fact made in the Petition as of the personal knowledge of Ms. Oliver-Matheis that are or may be material to the case but are not sworn to." (*Id.*, PageID 47). And because "federal law does not authorize a person to appear by way of a spouse or attorney-in-fact," the Magistrate Judge ordered Petitioner to show cause why the matter should not be dismissed because it was filed by a person not authorized to do so. (*Id.*, PageID 48).

Oliver-Matheis objects, arguing that she is permitted to file on behalf of her husband under the doctrine laid out in *Whitmore v. Arkansas*, 495 U.S. 149 (1990), and the two-part test discussed in *Rasul v. Bush*, 542 U.S. 466 (2004). Specifically, she argues that her husband is completely barred from accessing the courts and she is "the only person truly dedicated to keeping [her] husband safe and mentally stable not matter what [she has] to file or who [she has] to legally threaten with a valid lawsuit." (Doc. 11, PageID 115).

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

But "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."). And the Court "need not provide de novo review where the objections are 'frivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

The Supreme Court in *Whitmore* provided that "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another," and established that a putative next friend "must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." 495 U.S. at 163. And although some of the petitioners in *Rasul* were represented by family members acting as next friends, those petitioners were detainees at Guantanamo Bay who had never been "charged with wrongdoing, permitted to consult with counsel, or provided access to the courts or any other tribunal." 542 U.S. at 472.

At most, Oliver-Matheis appears to argue that she is entitled to prosecute this habeas action as a next friend because her husband's mail is delayed in an "unjustified and arbitrary" manner and she is not satisfied with the services of her husband's appointed attorneys. (Doc. 11, PageID 113). And because the rest of her

3

filing merely presents arguments apparently related to Petitioner's underlying criminal proceeding in state court, the objection does not preserve de novo review or serve to meaningfully address the Magistrate Judge's R&R.

For the foregoing reason, the objection, (Doc. 11), is **OVERRULED**, and the recommendation of the Magistrate Judge, (Doc. 9), is **ADOPTED in full**. This matter is **DISMISSED** with prejudice. Further, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a) that an appeal of this order would not be taken in good faith, and therefore **DENIES** leave to appeal in forma pauperis. *See* Fed. R. App. P. 24(a)

    **IT IS SO ORDERED.**

    */s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge